**Steven D. RICHESON, Plaintiff—
Appellant,**

v.

**FEDEX CORPORATION,
Defendant—Appellee.**

No. 03–57137.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 15, 2005.

Decided Oct. 5, 2005.

Michael D. Young, Esq., Weston, Benshoof, Rochefort, Rubalcava and MacCuish LLP, Los Angeles, CA, Sandra C. Isom, Esq., Federal Express Corporation Legal Department/Litigation, Memphis, TN, for Defendant–Appellee.

Before: GRABER, MCKEOWN, and W. FLETCHER, Circuit Judges.

## MEMORANDUM *

Plaintiff–Appellant Richeson brought a diversity action in federal district court under California's Fair Employment and Housing Act ("FEHA") claiming that his employer, FedEx, had discriminated against him by refusing to put him back into a courier position because of a back injury he suffered. FedEx moved for and was granted summary judgment by the district court, which concluded that although Richeson had made out a prima facie case for his discrimination claims, FedEx had offered a legitimate, nondiscriminatory reason for its employment decision. The district court also found that Richeson had failed to offer any evidence of pretext. We have jurisdiction of Richeson's appeal under 28 U.S.C. §§ 1332 and 1291. We affirm.

In order to prevail on a disability claim, a plaintiff must first make out a prima facie case under FEHA, Cal. Gov't Code § 12926(k)(1)(B), by showing that he is (1) a person with a disability or medical condition, (2) that the defendant made an adverse employment decision that was (3)

Nada Edwards, Esq., Alevizon & Associates APC, Santa Ana, CA, for Plaintiff–Appellant.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

because of the plaintiff's disability or medical condition. *Green v. State*, 132 Cal. App.4th 97, 33 Cal.Rptr.3d 254, 262 (2005). Upon establishing a prima facie case, "the burden then shifts to the employer to offer a legitimate, nondiscriminatory reason for the adverse employment action." *Deschene v. Pinole Point Steel Co.*, 76 Cal. App.4th 33, 90 Cal.Rptr.2d 15, 23 (1999). Under California Government Code Section 12940(a)(1), the burden is on the employer to show that an employee is "incapable of performing his essential duties with reasonable accommodation." *Green*, 33 Cal.Rptr.3d at 262. If the employer is able to show a legitimate reason, the employee must then offer evidence "that the employer's stated reason is either false or pretextual." *Deschene*, 90 Cal.Rptr.2d at 23.

FedEx has shown that it had a legitimate reason for not rehiring Richeson as a courier. FedEx reasonably concluded that there was an unacceptably high risk that Richeson would be reinjured in a courier position, and it made the decision to accommodate him in the position of truck control agent, which does not require lifting. Richeson's evidence, including the evidence presented by his own doctor, did not materially conflict with FedEx's conclusion.

Finally, Richeson has not shown pretext on the part of FedEx. FedEx does not deny its actions or assert that it has not rehired Richeson for any reason other than the back injury.

We therefore affirm the decision of the district court.

AFFIRMED.